IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACK GOSSETT, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:20-CV-162-O |
| | § | (NO. 4:16-CR-131-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Jack Gossett, movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:16-CR-131-O, styled "United States v. Chad Everett Clifton, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On May 18, 2016, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 66. On May 25, 2016, movant entered his plea of not guilty. CR Doc. 70. Loren Green was appointed to represent movant. CR Doc. 7. On July 22, 2016, Leon Haley filed a notice of appearance as counsel on behalf of movant. CR Doc. 137. The case was tried by a jury, which

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-131-O.

found movant guilty. CR Doc. 143. Both Green and Haley appeared on behalf of movant at trial.[2] CR Doc. 242.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 32. CR Doc. 171, ¶ 31. He received a two-level enhancement for possession of a firearm, *id.* ¶ 32, and a two-level enhancement for importation. *Id.* ¶ 33. Based on a total offense level of 36 and a criminal history category of IV, movant's guideline imprisonment range was 262 to 327 months. *Id.* ¶ 110. Movant filed objections, CR Doc. 181, and the probation officer prepared an addendum to the PSR. CR Doc. 213.

Movant was sentenced to a term of imprisonment of 300 months. CR Doc. 221. He appealed, CR Doc. 220, and his sentence was affirmed. *United States v. Gossett*, 705 F. App'x 337 (5th Cir. 2017). His petition for writ of certiorari was denied. *Gossett v. United States*, 139 S. Ct. 1228 (2019).

## II. GROUNDS OF THE MOTION

Movant sets forth eight grounds in support of his motion. Doc.[3] 1. The first three grounds are worded identically: "Ineffective Assistance of Counsel, Denial of Fifth, Sixth Amendment of US Constitution, Causing Movant to suffer prejudice, denied fundamental fairness at Trial." *Id.* at PageID[4] 7, PageID 8, & PageID 9. The fourth ground states: "Ineffective Assistance of Counsel, Denail [sic] of Fifth, Sixth Amendments of the U.S. Const., at Sentencing, Movant suffered prejudice; unfair sentence and process." *Id.* at PageID 11. The fifth ground states: "Governments

---

[2] Movant acknowledged in open court that Haley had assisted him in the past and that was one of the reasons he had asked Haley to help. Movant stated that he was satisfied with the representation Haley and Green had provided. CR Doc. 242 at 216.
[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document and because additional pages have been appended to the form.

2

[sic] Misconduct of AUSa's [sic] or their Investigators, knowing use of false or perjured testimony or evidence, left uncorrected. Denial 5th & 6th Amendments." *Id.* at PageID 13. The sixth ground states: "Ineffective Assistance of Counsel and Miscarriage of Justice, Denial of Fifth & Sixth Amendment Rights, Movant Suffered prejudice due to Constructive Amendment of Indictment." *Id.* at PageID 14. The seventh ground states: "Ineffective Assistance of Counsel on direct Appeal; Denial of Fifth & Sixth Amendment Rights to the US Const.; Movant suffered prejudice at Counsel's errors." *Id.* at PageID 15. And, ground eight says: "Denial of Due Process, where Movant was prejudiced by the Cumulative Impact of Deficiencies or Error by Counsel or Governmental Misconduct During Trial Process." *Id.* at PageID 17.

Movant's memorandum in support of his motion breaks the grounds into five issues to be presented:

> I.  COUNSEL FAILED TO USE A KEY WITNESS FOR DEFENSE
> II. COUNSEL FAILED TO PRESENT EVIDENCE DISPUTING GOVERNMENTS [sic] WITNESS AND CLAIMS
> III. COUNSEL REFUSED TO INTERVIEW THREE WINESSES WILLING TO TESTIFY ON BEHALF OF THE DEFENDANT
> IV. DEFENDANTS [sic] SIXTH AMENDMENT WAS VIOLATED WHEN THE COURT REFUSED TO ALLOW DEFENDANT COUNSEL OF CHOICE
> V. COUNSELS [sic] DEFICIENCIES CAUSED THE DEFENDANT [sic] TO BE SENTENCED HIGHER THAN WHAT HIS RECORD CALLS FOR

Doc. 12 at 4–5.

### III. APPLICABLE STANDARDS OF REVIEW

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can

challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable,"

*Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Movant's first three grounds allege ineffective assistance of counsel at trial. His fourth ground alleges ineffective assistance at sentencing. Ground six alleges ineffective assistance due to constructive amendment of the indictment. And, ground seven alleges ineffective assistance on appeal. The grounds are supported by conclusory laundry lists of alleged failings, such as failure to review discovery with movant, failure to investigate, failure to file a motion to suppress, failure to subpoena witnesses, and refusing to talk to movant's family. Such allegations do not provide a basis for relief. *Miller*, 200 F.3d at 282.

One who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Movant alleges that "on information and belief" Amber Shaw, a witness at trial, was arrested and convicted for impeding a police investigation or obstructing justice, or something similar. Doc. 1 at PageID 29. He says that Chris Nicholson, another trial witness, "was found to have perjured himself." *Id.* at PageID 30. Assuming movant's

5

counsel could have discovered these or other potentially damaging things, movant cannot show any prejudice. The jury was made aware of the criminal backgrounds of each of these witnesses and that they were hoping to benefit from their testimony. *See, e.g.,* CR Doc. 242 at 58–62, 127–30. Piling on would not have changed the outcome.

Movant complains numerous times that counsel failed to consult or work with his family and failed to allow some of them to be present or testify at trial.[5] Apparently, the complaint is that they could have verified that movant was incarcerated throughout 2014. Movant does not consider that the testimony of his family might have done more harm than good and that counsel was certainly entitled to make that determination.[6] Moreover, the jury was made aware that movant was incarcerated for a period of time. Shaw testified that she met movant in November of 2013 but that he went to prison shortly after that. CR Doc. 242 at 130–31. She met him again after the indictment was filed and right before she and Nicholson were arrested, around November 2015. *Id.* at 133–34. The events giving rise to movant's conviction clearly occurred in 2015.

Movant also complains about his counsel's failure to file motions to suppress. He has not shown, however, that he had any valid Fourth Amendment claim, much less that the outcome of the case would have been different had any particular evidence been excluded. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). A mere allegation of prejudice is not sufficient. *United States v. Kayode*, 777 F.3d 719, 724 (5th Cir. 2014).

He mentions several times counsel's failure to subpoena and call witnesses for trial, but, again, the support is conclusory. Doc. 1 at PageID 7, PageID 9, PageID 15, Doc. 12 at 6–7, 13–

---

[5] The record reflects that movant's family was present at trial and may have been strategizing with counsel. CR Doc. 242 at 216.
[6] Movant admits that his counsel warned three of movant's family members that they might be indicted or pulled into the conspiracy. Doc. 1 at PageID 29.

14. Movant recognizes that complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. Doc. 12 at 13. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). The closest movant comes is to say that his wife would have testified on his behalf to establish that he was in jail in 2014. However, the jury was aware that movant had been incarcerated. The testimony would not have exculpated movant in any event. And, as the government notes, it appears that movant's wife was involved in or at least aware of movant's drug-related activities. Doc. 19 at 15; CR Doc. 242 at 195–96.

Movant argues that Nicholson would have testified on his behalf, but offers no proof in support. In any event, the record reflects that movant's counsel thoroughly cross-examined Nicholson, getting him to admit that he told movant he would testify on his behalf, but later changed his mind. CR Doc. 242 at 104–07. Counsel made clear that Nicholson's change in testimony was in hopes of getting a benefit from it. *Id.* 107–10. Further, he got Nicholson to admit that movant was at the bottom rung, someone who hung out in hopes of getting drugs for free because he usually did not have any money. *Id.* at 112. Movant did not have the skill or capability to deal a large amount of drugs. *Id.* at 115. In sum, counsel's strategy of cross-examining Nicholson, rather than using him as his own witness was within the realm of reasonable representation.

Movant complains about his counsel failing to retain an expert witness, but he does not identify any such witness or show what testimony would have been elicited to help movant. He complains that counsel did not hire an investigator until approximately two days before trial, but he does not say why the earlier hiring of an investigator would have made any difference to the outcome. He alludes to a *Brady* violation, but he does not identify any particular evidence that was withheld. He generally complains about the failure of counsel to adequately prepare for trial and sentencing, but does not point out anything to establish that counsel was ineffective. Clearly, counsel's strategy was to show that movant was an addict who was always broke, was not known to be a drug dealer, and did not have the skills to be a drug dealer. Counsel filed objections to the PSR and argued them at sentencing. CR Doc. 181; CR Doc. 234 at 3. Movant has not shown that his sentence would have been lower but for counsel's errors.

Movant complains that counsel failed to adequately explain the government's plea offer to him. He makes no attempt to show that he would, in fact, have accepted any plea offer. The record reflects that movant consistently denied any drug dealing, even at sentencing, and claimed not to know he was part of a conspiracy. CR Doc. 234 at 8–9. He has not shown that but for counsel's ineffective advice he would have entered into a plea agreement that would have been accepted by the court and that he would have received a more favorable sentence. *Lafler v. Cooper*, 566 U.S. 156, 160–64 (2012).

Movant alludes to a constructive amendment of the indictment, but the Court is unable to discern the complaint. The indictment charged movant and others, named and unknown, with conspiracy to possess with intent to distribute methamphetamine. CR Doc. 66. The indictment was never amended. As best the Court can tell, movant appears to believe that because the indictment

8

did not name Ricardo "Primo" Pineda, no testimony could be given about him. Movant is mistaken.

Finally, movant complains about the conduct of counsel on appeal. He has not identified a particular issue that should and could have been raised that would have been meritorious. Appellate counsel is not required to raise every nonfrivolous ground of appeal available. *Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013). Because counsel filed a merits brief on behalf of movant, movant must show that a particular nonfrivolous issue was clearly stronger than the issues counsel did present. *Id.* Movant must overcome the strong presumption that counsel's choice of the issues presented was a matter of tactics rather than sheer neglect. *Id.* To be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)(quoting *Strickland*, 466 U.S. at 688). And, movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 350 (quoting *Strickland*, 466 U.S. at 694). In other words, he must show that the Fifth Circuit would have granted relief on appeal. *Id.* This he has not done.

Movant also complains that he should have been appointed another attorney to represent him on appeal. However, movant has not shown that his counsel was ineffective or that such a conflict existed as to require appointment of substitute counsel.[7] *See Cuyler v. Sullivan*, 446 U.S. 335 (1980); *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). The right to choose an attorney does not extend to defendants who have appointed counsel. *United States v. Sarfraz*, 683 F. App'x 268, 269 (5th Cir. 2017)(citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151

---

[7] Movant stated in open court at the conclusion of the government's case that he was satisfied with the representation of both his attorneys. CR Doc. 242 at 215–16.

(2006)). Movant has not shown an abuse of discretion in denying his motion to substitute counsel. *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973).

In his fifth ground, movant accuses the government of misconduct. He says that the government knowingly used false or perjured testimony and that agents gave false information to the probation officer. Doc. 1 at PageID 13. This ground could and should have been raised on appeal and cannot be pursued here absent a showing of cause and prejudice. Movant alleges that counsel's ineffective assistance is cause. Even assuming that to be the case, he cannot show prejudice because he has not shown that the government knowingly used false evidence. A conviction obtained through the use of false evidence "known to be such by the representatives of the [government]" must fall under the Fourteenth Amendment. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). To trigger a due process violation, the perjured testimony must be of such an extraordinary nature that it leaves the Court with the firm belief that, but for the perjured testimony, the defendant most likely would not have been convicted. Further, the defendant must have been unable to discover the falsity of the testimony using due diligence. *See Sanders v. Sullivan*, 863 F.2d 218, 226 (2d Cir. 1988). Here, movant knew of the alleged falsity at the time. Moreover, even if false testimony was given at trial, movant has not shown that the falsity was material and would have affected the jury's verdict,[8] and that the government used the testimony knowing it was false. *Reed v. Quarterman*, 504 F.3d 465, 473 (5th Cir. 2007). As the government points out, although Nicholson may have been mistaken as to his dates, the record does not support the contention that the government knowingly used false testimony at trial. Doc. 19 at 19–20. And, there is no evidence to support the contention that false information was provided to the probation officer.[9]

---

[8] Text messages introduced at trial verified the testimony regarding movant's participation in drug deals in 2015.
[9] Movant speculates that this is so based on the criminal complaint initially filed in the case. CR Doc. 1. The complaint

The PSR reflects that movant was incarcerated during 2014 until December 4. CR Doc. 171, ¶¶ 55–56. It describes the jointly undertaken activity as having occurred from approximately December 2014 through April 1, 2016. *Id.* ¶ 8. The Court was entitled to rely on the PSR. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Finally, in his eighth ground, movant alleges that he is entitled to relief under the cumulative error doctrine. Doc. 1 at PageID 17. The cumulative error doctrine "necessitates reversal only in rare instances." *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012). Reversal is justified only where errors "so fatally infect the trial that they violate the trial's fundamental fairness." *Id.* (citation omitted). Movant has not shown that his trial was fundamentally unfair. *United States v. Stephens*, 571 F.3d 401, 412 (5th Cir. 2009).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 17th day of March, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

alleges that the conspiracy began in or before July 2011 and continued until on or about January 11, 2016. *Id.* at 1. The government had been investigating since approximately 2014, *id.* at 3, and during the investigation, movant had been identified. *Id.* at 8. The complaint does not pin movant's activity to any particular time frame.